AFFIRM; Opinion issued October 31, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00085-CR

CASEY DEREK FIELDS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court At Law No. 2
Collin County, Texas
Trial Court Cause No. 0028388309

## MEMORANDUM OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Richter

Appellant plead guilty to and was convicted of driving while intoxicated and sentenced to nine months community supervision and a $200.00 fine. In a single issue on appeal, appellant asserts the trial court erred in denying his motion to suppress. We affirm the trial court's judgment. The background of the case and the procedural posture are well known to the parties, and therefore we limit our recitation of the facts. We issue this memorandum opinion pursuant to TEX. R. APP. P. 47.4 because the law to be applied is well settled.

A Wylie police officer stopped appellant after he drove through an intersection and into lanes of oncoming traffic before making an improper left turn. Appellant denied drinking alcohol, but he had slurred speech and claimed to be unfamiliar with the area even though his driver's license listed a Wylie address. After the officer administered field sobriety tests, he arrested appellant and transported him to the Wylie police station. At the police station, appellant agreed to give a sample of his breath. During the fifteen minute period before the test, appellant was placed in the Intoxilyzer room, and received Miranda warnings. Appellant's breath alcohol concentration results were 0.119 and 0.120.

Appellant moved to suppress the "statement/video evidence that was collected incident to arrest." The court conducted a hearing on appellant's motion, during which time two videos were admitted into evidence without objection. There was no testimony at the hearing.[1] At the conclusion of the hearing, the trial court denied the motion. No findings of fact and conclusions of law were requested or made.

In his sole issue on appeal, appellant argues the trial court erred in denying his motion to suppress. We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We do not engage in our own factual review. *Id.* The trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *Id.; Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review issues of law de novo. *See*

---

[1] Despite appellant's characterization, we note for the record that the prosecutor and counsel for the defense did not "testify" at the hearing, but rather, made argument to the court.

*Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).

With no citation to the record or authority or application of the law to the facts, appellant's argument consists of the statement that "the evidence that was subject to the Motion for Suppression clearly shows that the appellant was subjected to seventy-four (74) minutes of questioning prior to being read his Miranda rights." Affording appellant's argument liberal construction in terms of compliance with the applicable rules of appellate procedure, we understand appellant to complain that the length of the time between the traffic stop and the time the Miranda warnings were administered was "too long." To the extent appellant intended to argue otherwise, his arguments are waived. *See* TEX. R. APP. P. 38.1.

In addressing appellant's contention, we note at the outset that appellant's characterization of the record is misleading and inaccurate. Appellant seems to suggest that he was questioned during the traffic stop for seventy-four minutes. The record reflects however, that the length of time between the traffic stop and the Miranda warnings is actually fifty minutes, and includes the traffic stop, roadside questioning, intoxication investigation, arrest, transport to the police station, and time in the Intoxilyzer room. But regardless of the length of the detention, "there is no constitutional stopwatch on traffic stops." *United States v. Birgham*, 382 F.3d 500, 511 (5th Cir. 2004) (en banc).There is no bright-line rule for the number of minutes a detention can last. *See Ohio v. Robinette*, 519 U.S. 33, 39 (1996).

Although the length of a detention may render a traffic stop unreasonable, there is no

rigid, bright-line time limitation. *United States v. Sharpe,* 470 U.S. 675, 679 (1985). Instead, common sense and ordinary human experience must govern over rigid criteria. *Id.* at 685. The reasonableness of the duration of a detention depends on whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant. *Id.* at 686. In determining the reasonableness of the duration of a detention, the trial and appellate courts may consider legitimate law enforcement purposes served by any delay in the officer's investigation. *Id.* at 685.

Here, appellant does not complain that he was detained beyond the time necessary to complete the investigation, or that the police were not diligent. Therefore, we conclude the trial court did not err in denying appellant's motion to suppress. Appellant's issue is overruled. The trial court's judgment is affirmed.

MARTIN RICHTER
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110085F.U05

—4—



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CASEY DEREK FIELDS, Appellant

No. 05-11-00085-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law No. 2
of Collin County, Texas. (Tr.Ct.No. 002-
83883-09).
Opinion delivered by Justice Richter,
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 31, 2012.

MARTIN RICHTER
JUSTICE